TOBY STEADMAN, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

399 S. W 2d 756.

(*Knoxville*, September Term 1965.)

Opinion filed February 18, 1966.

TODD & DOSSETT, Kingsport, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, for defendant in error.

PER CURIAM.

The plaintiff in error appeals from a conviction of possessing gambling devices to entice persons to gamble. The issue here is the legality of the search warrant under which officers searched the home of plaintiff in error and found these devices. This search warrant, dated 25 November 1964, was issued out of the General Sessions Court for Sullivan County. It is signed as follows: "T. R. Bandy, Acting Judge of Div. II of the Court of General Sessions."

The General Sessions Court for Sullivan County was created by Chapter 349 of the Private Acts of the General Assembly of Tennessee for the Year 1947, and Section 19 of said Private Acts provides for the filling of a temporary vacancy as follows:

SEC. 19. Be it further enacted, That if the Judge of either division of said Court cannot preside in a pending case or is unable to attend Court because of sickness or cannot attend Court for any other reason and the Judge of the other division cannot sit by interchange, which said Judges are empowered to do at any time, then a majority of the lawyers present in that division of Court may elect one of their number who has the qualifications of such Judge, and when elected, shall have the same authority as the regular Judge to hold the Court for the occasion or time the regular Judge is absent. The Clerk of the Circuit Court or his deputy shall preside at said election and shall keep in

his office a permanent record of the election of such special Judges. Such special Judges shall not be entitled to compensation for their services.

Walter F. Moody the duly elected judge of this division of the General Sessions Court, for some reason, was not able to sit on 25 November 1964. It is admitted the procedure required by Section 19 above was not followed in electing T. R. Bandy to sit in his place.

Under this record it is apparent the Kingsport Bar, out of curtesy, have been providing competent and qualified persons to sit as judge in the General Sessions Courts in the absence of the regular judge. It is not altogether clear, from this record, just how or why a particular person will sit on any particular day and this was true of the day the search warrant in the case at bar was issued. There is some evidence in the record it had become a practice when the regular judge could not sit an attorney would be called and requested to sit in his place. It should be noted in the case at bar or in any other similar case there is no allegation the attorney chosen was not competent and qualified.

We recognize the proper administration of justice requires a general sessions court to be in session daily and such presents a serious problem to the regular judge who may not, due to illness or otherwise, be able to be there at all times. We think the legislature also recognized this problem and by Section 19, above copied, provided an expedient method to solve the problem. Even so we do not approve even a competent and qualified attorney assuming the duties of Judge of this General Sessions Court without more than just a request to do so.

One of the assignments of error alleges T. R. Bandy as Acting Judge had no jurisdiction to issue this search warrant. This assignment of error is sustained. The judgment is reversed and the cause remanded.